UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jack Simmer and Sheri Simmer,

            Plaintiffs,

v.

HSBC Bank USA, N.A., as trustee for MortgageIT Securities Corp. Mortgage Loan Trust, Series 2007-2, Mortgage Pass-Through Certificates, Mortgage Electronic Registration Systems, Inc., MERSCORP Holdings, Inc., and also all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein,

            Defendants.

Civil No. 13-1549 (DSD/AJB)

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SANCTIONS**

---

This matter is before the Court, United States Chief Magistrate Judge Arthur J. Boylan, on a Motion to Dismiss by Defendants HSBC Bank USA, N.A. ("HSBC"), as trustee for MortgageIT Securities Corp. Mortgage Loan Trust, Series 2007-2, Mortgage Pass-Through Certificates, Mortgage Electronic Registration Systems, Inc. ("MERS"), and MERSCORP Holdings, Inc. (together, "Defendants") [Docket No. 4] and Defendants' Motion for Sanctions [Docket No. 15]. The matter has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.1(b). A hearing was held on the motions on August 21, 2013 at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. William Butler appeared on behalf of Plaintiffs. Elizabeth Walker and Charles Webber appeared on behalf of Defendants.

Plaintiffs Jack Simmer and Sheri Simmer seek to invalidate the foreclosure of the mortgage on their home. Plaintiffs assert three claims against Defendants: (1) quiet-title, to

determine adverse claims under Minn. Stat. § 559.01; (2) declaratory judgment; and (3) slander of title. For the reasons below, the Court recommends that Defendants'[1] Motion to Dismiss be granted and Plaintiff's claims be dismissed with prejudice. The Court further recommends that Defendants' Motion for Sanctions be denied without prejudice to Defendants' ability to bring the matter before the Honorable James M. Rosenbaum, who has been appointed by the court to investigate appropriate sanctions and/or disciplinary action against Plaintiffs' counsel William Butler.

## FACTUAL BACKGROUND

Plaintiffs reside in and are in possession of real property located in Loretto, Minnesota. (Compl. ¶ 1.) Plaintiffs acquired their interest in the property via warranty deed in 2003. (*Id.* at ¶ 2.) On April 27, 2007, Plaintiffs executed and delivered a promissory note to MortgageIt, Inc. ("MortgageIT"). (*Id.* at ¶ 6.) The promissory note was secured by a mortgage Plaintiffs executed in favor of MERS, which acted as MortgageIT's nominee. (*Id.*, Ex. 1.) The Complaint contains no express allegation that Plaintiffs have defaulted on the promissory note, but the allegations in the Complaint and documents attached thereto regarding foreclosure proceedings indicate that Plaintiffs defaulted on the note by 2012. (*See* Compl. ¶¶ 23, 25, 27, Exs. 6-8.)

On April 21, 2011, MERS, as nominee for MortgageIT, assigned Plaintiffs' mortgage to HSBC, as Trustee for MHL 2007-2. (Compl. ¶ 18, Ex. 4.) The assignment was recorded on April 26, 2011. (*Id.*) Tati Mohammad, Assistant Secretary of MERS, executed the assignment

---

[1] Plaintiffs also purport to bring claims against "all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein." "There are no factual allegations sufficient to identify these unnamed defendants or state a claim against them," and the Court therefore recommends that all claims against them be dismissed. *See Sonsalla v. Mortgage Elec. Registration Sys., Inc.*, Civ. No. 13-659, 2013 WL 4052825, at *1 (D. Minn. Aug. 9, 2013) (citing *Estate of Rosenberg ex rel. Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir.1995) (affirming dismissal of unidentified defendants about whom no factual allegations were made)).

2

of mortgage on behalf of MERS. (*Id.*) Plaintiffs allege that Mohammad did not have legal authority to execute the assignment and that the assignment was improperly notarized. (*Id.* at ¶¶ 19-20.)

On June 21, 2012, HSBC, through Wells Fargo Bank, N.A. as its attorney in fact, assigned Plaintiffs' mortgage to HSBC, as Trustee for MortgageIT Securities Corp. Mortgage Loan Trust, Series 2007-2, Mortgage Pass-Through Certificates. (Compl. ¶ 21, Ex. 5.) The assignment was executed by Megan Avon as Vice President Loan Documentation of Wells Fargo Bank, N.A., as HSBC's attorney in fact. (*Id.*) The assignment was recorded on July 3, 2012. (*Id.*) Plaintiffs allege that Avon did not have legal authority to execute the assignment because there was not a recorded power of attorney granting Wells Fargo the ability to act as attorney in fact for HSBC. (*Id.* at ¶ 22.)

Plaintiffs allege that Wells Fargo Bank, N.A. securitized Plaintiffs' loan into the MortgageIT Securities Corp. Mortgage Loan Trust, Series 2007-2, Mortgage Pass-Through Certificates trust. (Compl. ¶ 9.) Plaintiffs allege that the securitization was governed by a Pooling and Servicing Agreement ("PSA") which required numerous assignments of mortgage to be prepared and delivered to and from various entities. (*Id.* at ¶¶ 10-12.) Plaintiffs appear to allege that none of these purported required assignments were recorded. (*See id.* at ¶ 27.)

On July 23, 2012, HSBC, through Wells Fargo as its attorney in fact, prepared a Power of Attorney to Foreclose Mortgage ("July 2012 POA") authorizing the law firm Shapiro & Zielke, LLP ("Shapiro") to foreclose on Plaintiffs' mortgage and ratifying all acts by Shapiro from July 20, 2012 forward. (Compl. ¶ 23, Ex. 6.) The July 2012 POA was executed on July 31, 2012 by Keoviseth Seung as Vice President of Loan Documentation for Wells Fargo, as HSBC's attorney in fact. (*Id.*) The July 2012 POA was recorded on August 16, 2012. (*Id.*) Plaintiffs allege that

Seung did not have legal authority to execute the July 2012 POA because there was not a recorded power of attorney granting Wells Fargo the ability to act as attorney in fact for HSBC. (*Id.* at ¶ 24.)

On July 23, 2012 Shapiro drafted a Notice of Pendency of Proceeding to Foreclose Mortgage ("July 2012 NOP") on behalf of HSBC. (Compl. ¶ 25, Ex. 7.) The July 2012 NOP was executed by Stephanie Nelson, an attorney with Shapiro, and recorded on July 24, 2012. (*Id.*) Shapiro completed foreclosure by advertisement proceedings and a sheriff's sale was held on September 21, 2012, at which HSBC purchased the property for $800,063.26. (*Id.* at ¶ 27, Ex. 8.) Plaintiffs allege that HSBC did not have legal authority to make a bid or to exercise the power of sale in the mortgage because of invalid and unrecorded assignments of mortgage. (*Id.* at ¶ 27.) The Sheriff's Certificate of Sale was recorded on September 27, 2012. (*Id.* at Ex. 8.) Plaintiffs did not redeem the property within the six-month statutory redemption period.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). It must not, however, give effect to conclusory allegations of law. *Stalley ex rel. United States v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). The plaintiff must do more than offer "labels and conclusions" or a "formulaic recitation of the elements of a

cause of action . . . ." *Twombly*, 550 U.S. at 555. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.*

Ordinarily, if the parties present, and the court considers, matters outside of the pleadings, a Rule 12(b)(6) motion must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). But the court may consider exhibits attached to the complaint and documents that are necessarily embraced by the complaint without converting the motion into one for summary judgment. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

## ANALYSIS

I. **MERITS OF PLAINTIFFS' CLAIMS**

    A. **Quiet Title**

Plaintiffs bring a quiet title claim to determine adverse claims under Minn. Stat. § 559.01. Minnesota's quiet title statute provides that "[a]ny person in possession of real property. . .may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively." Minn. Stat. § 559.01.

Plaintiffs assert that it is Defendants' burden to "prove its title to the Mortgage." (Compl. ¶ 33.) However, "[i]n order to survive Defendants' motion to dismiss, [Plaintiffs] must plead facts that support [their] quiet title claim sufficient to satisfy federal pleading standards." *Ko v. Mortgage Elec. Registration Sys.*, Civ. No. 13-596, 2013 WL 4052680, at *2 (D. Minn. Aug. 9, 2013) (citing *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013)). This requires that a complaint "plead adequate facts to establish a plausible 'claim that the Defendants' adverse claims are invalid.'" *Gharwal v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 13-685, 2013 WL 4838904, at *2 (D. Minn. Sept. 11, 2013) (quoting *Karnatcheva*, 704 F.3d at 548).

5

Plaintiffs challenge the validity of the foreclosure on their property by asserting that there were unrecorded assignments and powers of attorney before the foreclosure proceeding commenced, rendering the foreclosure invalid under Minnesota law. *See Ruiz v. 1st Fid. Loan Servicing, LLC*, 829 N.W.2d 53, 58 (Minn. 2013) (holding that Minnesota's foreclosure-by-advertisement statute requires strict compliance with the requirement that assignments of the mortgage be recorded before the foreclosure process begins). Plaintiffs also challenge the foreclosure by asserting that individuals who signed notices of pendency and powers of attorney lacked legal authority to do so. Plaintiffs' allegations regarding alleged unrecorded assignments prior to the foreclosure, purportedly due to a securitization of the mortgage by Wells Fargo, are "based upon information and belief" and are merely conclusory assertions without any factual allegations to support them. Such conclusory allegations are insufficient to satisfy the *Twombly/Iqbal* standard or Rule 8. *See e.g.*, *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013); *Ko v. Mortgage Elec. Registration Sys.*, Civ. No. 13-596, 2013 WL 4052680, at *2 (D. Minn. Aug. 9, 2013); *Gerdes v. Fed. Home Loan Mortgage Corp.*, Civ. No. 13-696, 2013 WL 3929049, at *2 (D. Minn. July 30, 2013); *Lara v. Fed. Nat'l Mortgage Ass'n*, Civ. No. 13-676, 2013 WL 3088728, at *3 (D. Minn. June 18, 2013); *McGlory v. CitiMortgage, Inc.*, Civ. No. 12-3145, 2013 WL 2934986, at *2 (D. Minn. June 14, 2013). Similarly, Plaintiffs' allegations regarding individuals' alleged lack of authority to sign documents fail for the same reasons. *See e.g.*, *Karnatcheva*, 704 F.3d at 548; *Ko*, 2013 WL 3088728, at *2; *Gerdes*, 2013 WL 3929049, at *2; *Lara*, 2013 WL 3088728, at *3; *McGlory*, 2013 WL 2934986, at *2.

Further, Plaintiffs' arguments regarding the pooling and service agreement fail because Plaintiffs are not parties to those agreements and lacks standing to challenge Defendants'

compliance with the PSAs.  *See, e.g.*, *Karnatcheva*, 704 F.3d at 547; *Novak v. JPMorgan Chase Bank, N.A.*, Civ. No. 12-589, 2012 U.S. Dist. LEXIS 119382, at *9-12 (D. Minn. Aug. 23, 2012), *aff'd*, 518 Fed. Appx. 498 (8th Cir. 2013) (citing *Blaylock v. Wells Fargo Bank, N.A.*, Civ. No. 693, 2012 WL 2529197, at *5 (D. Minn. June 29, 2012)).

In addition, Plaintiffs' quiet title claim fails because Plaintiffs have unclean hands.  In Minnesota, "[a]ctions to quiet title and to determine adverse claims are equitable actions." *Haubrich v. U.S. Bank, N.A.*, Civ. No. 12-565, 2012 WL 3612023, at *3 (D. Minn. Aug. 21. 2012) (citations omitted), *aff'd*, 720 F.3d 979 (8th Cir. 2013).  A "plaintiff who seeks equity must come into court with clean hands." *Id.* (citations omitted).  Plaintiffs indisputably defaulted on their mortgage loan by failing to make promised payments.  "They seek to declare their mortgage invalid after defaulting; as such, they come to the present case with unclean hands." *Stilp*, Civ. No. 12-3098, 2013 WL 1175025, at *4 (D. Minn. March 20, 2013), *aff'd*, 2013 WL 5340399 (8th Cir. Sept. 25, 2013) (citing *Novak*, 2012 U.S. Dist. LEXIS 119382, at *9-12). Plaintiffs cannot state an equitable quiet-title claim and dismissal also is warranted on this basis. *See, e.g.*, *id.*

For these reasons, the Court recommends that Count I be dismissed.  Plaintiffs' Complaint "tenders 'naked asssertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550, U.S. at 557).  Plaintiffs' "pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation" that there were unrecorded assignments or individuals lacked legal authority. *Karnatcheva*, 704 F.3d at 548.  Plaintiffs' assertions fail to provide any facts to render their claim plausible and as such the claim is properly dismissed.

### B. Declaratory Judgment

For the same reasons, then, the declaratory judgment claim, Count II, must fail. *See Ko*, 2013 WL 3088728, at *3. "A claim for declaratory judgment must be supported by a substantive legal right." *Lara*, 2013 WL 3088728, at *3 (citations omitted). "Having failed to state a substantive claim, the [Complaint] also fails to state a claim for a declaratory judgment." *Id.*

### C. Slander of Title

Plaintiffs assert a slander of title claim against Defendants in Count III. A slander of title claim requires that (1) defendants made a false statement; (2) defendants then published that false statement to others; (3) defendants maliciously published the statement; and (4) the publication caused plaintiffs a pecuniary loss in the form of special damages. *Paidar v. Hughes*, 615 N.W.2d 276, 279-80 (Minn. 2000). Plaintiffs allege that documents recorded in support of the foreclosure were false because they "were not executed by legally authorized persons" and that Defendants "knew or should have known that the documents were false." (Compl. ¶¶ 50-51.) "As discussed above, however, they have pleaded no plausible facts to support their allegations regarding signing authority." *Lara*, 2013 WL 3088728, at *3.

Plaintiffs have not adequately pleaded the elements of a slander of title claim, much less met the heightened pleading standard required under Fed. R. Civ. P. 9(b) for such claims. *See Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1032 (8th Cir. 2012) (Rule 9(b) applies to slander of title claims). Plaintiffs were required to make specific factual allegations regarding the circumstances of any alleged false statement. *See id.* Plaintiffs have failed to identify any specific allegedly false statement. Plaintiffs also fail to even allege malice. Nor have Plaintiffs pleaded any facts explaining how they were caused special damages. Plaintiffs' slander of title claim should be dismissed. *See Ko*, 2013 WL 3088728, at *4; *Pope v. Fed. Home Loan*

8

*Mortgage Corp.*, Civ. No. 12-3094, 2013 WL 2251001, at *4 (D. Minn. May 22, 2013); *Haubrich*, 2012 WL 3612023, at *6.

## II. PRECLUSION

Defendants argue that Plaintiffs' claims are partially barred by res judicata and collateral estoppel because Plaintiffs previously challenged one of the mortgage assignments they challenge here. *See Iverson v. Wells Fargo Bank, N.A.*, Civ. No. 11-2225, 2012 WL 611196 (D. Minn. Feb. 6, 2012). Because the underlying claims fail on the merits, just as they did in *Iverson*, the court need not reach the res judicata or collateral estoppel determinations. *See Schumacher v. Fed. Home Loan Mortgage Corp.*, Civ. No. 13-29, 2013 WL 3033746, at *2 (D. Minn. June 17, 2013).

## III. MOTION FOR SANCTIONS

Defendants request sanctions under Federal Rule of Civil Procedure 11(c), 28 U.S.C. § 1927, and the Court's inherent authority. Defendants argue that Plaintiffs' counsel William Butler should be sanctioned for repeatedly bringing claims that are objectively frivolous despite repeated rejections by the Eighth Circuit and this district court. They argue that Mr. Butler's conduct displays an intentional disregard of his duties to the court. Defendants note, as does this Court, that the imposition of past sanctions on Mr. Butler appears to have done nothing to deter Mr. Butler's conduct.

On July 2, 2013, the district court opened a miscellaneous file regarding Mr. Butler, noting that Mr. Butler had failed to pay sanctions ordered in previous cases. *In Re William B. Butler*, Civ. No. 13-mc-49, Order at Docket No. 1 (July 2, 2013). The court appointed the Honorable James M. Rosenbaum to investigate all cases where Mr. Butler is an attorney of record and Mr. Butler's fitness to appear before this court, and to make recommendations

9

regarding appropriate disciplinary actions or sanctions, if any. *In Re William B. Butler*, Civ. No. 13-mc-49, Order at Docket No. 2 (July 3, 2013). Therefore, although the Court does not disagree with Defendants that sanctions against Mr. Butler are appropriate here, the Court believes the more appropriate avenue is to refer Defendants to Judge Rosenbaum. Defendants may supply Judge Rosenbaum with notice of their request for sanctions and their supporting materials that Judge Rosenbaum may want to consider in his investigation of appropriate disciplinary actions or sanctions against Mr. Butler. Accordingly, the Court recommends that Defendants' Motion for Sanctions be denied without prejudice to Defendants' ability to bring the matter before Judge Rosenbaum.

## **RECOMMENDATION**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss (Docket No. 4) be **GRANTED;**

2. Defendant's Motion for Sanctions (Docket No. 15) be **DENIED WITHOUT PREJUDICE** to Defendants' ability to bring the matter before Judge Rosenbaum; and

3. This matter be **DISMISSED WITH PREJUDICE**.


Dated:   November 13, 2013                                  s/ Arthur J. Boylan
                                                            Chief Magistrate Judge Arthur J. Boylan
                                                            United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court on or before  December 2, 2013.